# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| SUSAN BOLYARD, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 6:13-cv-03241-MDH |
| TRANSPORTAL, LLC, et al., | ) ) ) |
| Defendants. | ) |

## ORDER APPROVING SETTLEMENT

This matter is before the Court on a motion to approve a settlement of this collective action (Doc. 83). Plaintiffs filed suit against Defendants alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. 201 et seq. ("the Act"). There is a genuine and bona fide dispute between the parties as to liability and the amount of claimed damages. The parties have negotiated and agreed to settlement of these bona fide disputes. For purposes of settlement and compromise only, and to avoid the time, resources, staff attention, and expense associated with further litigation, the parties have reached an agreement to settle the claims without any admission of liability, fault or wrongdoing.

The parties have submitted the settlement agreement ("Settlement Agreement") in camera to the Court for approval, and the Court has duly reviewed the Settlement Agreement. Plaintiffs' counsel advises that all Plaintiffs in the case have been advised of the terms of the settlement and no one has objected to the proposed settlement.

The Court has reviewed the Settlement Agreement, the complaint, the stipulation of the parties, and the record as a whole, and has considered any supporting papers and materials filed by the parties in connection with the settlement. The Court hereby enters the following Order:

1.     The Court has jurisdiction over this case and Defendants. Venue is proper in this District.

2.     Plaintiffs have brought this private action under the Fair Labor Standards Act of 1938, as amended. The Court granted Plaintiff's motion for conditional class certification and Plaintiff sent notice of a collective action. Individuals timely filed consents to join the lawsuit. The Court now grants final certification of the collective action limited to the Plaintiffs herein. When used in this Order, the term "Plaintiffs" or "Plaintiff" means anyone who has timely filed with the Court a written election and consent to opt into this case and join this litigation. All Plaintiffs are listed and identified on Exhibit A to the Settlement Agreement.

3.     The Court has the authority under the Act to scrutinize and approve a settlement of private litigation. Approval is necessary for the waiver of any wage hour claims against Defendant to be fully effective. Approval of such a settlement will be binding upon Plaintiffs who joined and/or opted in to the collective action.

4.     The Court may approve a settlement where the settlement involves the resolution of a bona fide dispute and is a fair and reasonable compromise of issues that are actually in dispute. *See Lynn's Food Stores, Inc. v. U.S., By and Through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F. 2d 1350, 1353 n. 8 (11th Cir. 1982); *see also Sanderson v. Unilever Supply Chain, Inc.*, No. 10-CV-00775-FJG, 2011 WL 5822413, at *3 (W.D. Mo. Nov. 16, 2011).

5.     In this case, the parties have a number of serious, genuine and bona fide disputes that are at issue. The disputes extend from the ability of this case to proceed as a collective action, to the ultimate issue of liability, to which statute of limitations applies and the period of time within the statute, and to the amount and extent of any claimed damages. Defendants

2

Case 6:13-cv-03241-MDH   Document 86   Filed 04/06/15   Page 2 of 7

contest whether Plaintiffs have any right to claim overtime or minimum wage based on the hours of work they actually reported, and contend that Plaintiffs do not have a right to the damages claimed. Defendants maintain they had a reasonable and good faith belief they were acting in compliance with the law based on advice from and an investigation by the U.S. Department of Labor of the pay practices at issue; that a two year statute of limitations should apply using the date when the consent to join the case was filed; that certain of the Plaintiffs worked in exempt positions; that there were no violations of the Act or other laws; that the claims for damages asserted are not valid or proper; and that the claims of a number of opt ins are barred in whole or in part by the applicable statute of limitations. Plaintiffs dispute these claims and maintain they have valid claims and that a three year statute of limitations should apply. In addition, the parties have a serious disagreement over the amount of time actually worked by any Plaintiff, as to whether the case should proceed as a collective action, and as to whether Defendant Scheppegrell is an employer within the meaning of the FLSA.

6. These disputes, if litigated to conclusion, could result in decertification of the collective action, a finding of no liability, the entry of a substantial verdict, or the entry of a verdict for far less than the amount of damages claimed. The disputes, if litigated to a conclusion, also could result in a favorable ruling for Plaintiffs that would result in a substantial damage award including liquidated damages and an award of attorney's fees.

7. The parties have entered into a settlement after extensive and protracted settlement negotiations, including two separate mediation sessions, and written and oral discovery. At the time of the settlement, there was pending a motion for partial summary judgment, including a motion regarding application of the two year statute of limitations.

8. The settlement was entered into rather than continue to litigate the case and proceed to trial, and have the Court determine the pending motion to de-certify the collective action, and the motion for summary judgment.

9. The Court has reviewed the Settlement Agreement and the settlement terms contained therein, and it finds that the settlement reflects a fair and reasonable compromise of the issues in dispute and takes into account the relative merit of each of the Plaintiff's claims, including claims that may be precluded by the statute of limitations.

10. The settlement reflects a payment to Plaintiffs' Counsel in settlement of the claims for costs and attorney's fees in this case. This payment represents costs and fees incurred to date in filing and prosecuting this litigation and in consummating the settlement, including substantial costs and expenses incurred for travel to conduct discovery, mailings to potential opt in plaintiffs, and computer-related expenses. The Court finds the amount to be paid for attorney's fees and costs provided for in the Settlement Agreement to be fair and reasonable.

11. The Court finds the settlement and the terms of the Settlement Agreement to be fair and reasonable and the result of a reasonable compromise of genuine and serious disputes of law and fact between the parties. Accordingly, the Motion to Approve Settlement (Doc. 83) is hereby **GRANTED** and the Settlement Agreement submitted to the Court in camera is hereby approved. The parties are ordered to comply with the terms of the Settlement Agreement.

12. Within 30 days of the date that this Order becomes final and non-appealable, Defendant will issue a check to The Law Office of Kevin Dolley for the amount specified in the Settlement Agreement.

13. Each Plaintiff who has joined this case will be entitled to receive payment of the amount specified in the Settlement Agreement filed in camera with the Court, in accordance with

4

Case 6:13-cv-03241-MDH   Document 86   Filed 04/06/15   Page 4 of 7

and subject to the terms and conditions set out in the Settlement Agreement. The payments made to a Plaintiff per the terms of the settlement agreement shall not be considered or treated as wages or compensation for purposes of any pension, profit sharing or other employee benefit plan.

14. By entry of this Order, all claims any the Plaintiffs may have against Defendants and their respective present and former affiliates, employee benefit plans and trusts, and the present and former officers, directors, members, owners, managers, administrators, fiduciaries, insurers, employees and agents of each such person or entity (collectively, the TransPortal Parties"), for federal and state claims for or relating to wages owed, payment of wages, overtime, minimum wage, hours of work, lunch and rest breaks, recordkeeping, wage statements, breach of contract to pay wages, and all similar and related claims, including, among others, all claims under the Fair Labor Standards Act of 1938, as amended, which Bolyard or any Plaintiff may have or hold against any of the TransPortal Parties and which arose and accrued prior to the date the Settlement Agreement was signed by the parties (collectively sometimes called "Claims"), encompassing any such Claims that are based upon any facts or claims alleged or which could have been alleged in the Bolyard Lawsuit, or any facts or events occurring prior to the date the Settlement Agreement was signed, are dismissed with prejudice, extinguished, discharged, and deemed satisfied, with each party to bear and pay for its own attorney's fees and costs except as otherwise provided for in the Settlement Agreement and/or the Agreed Order. All claims and causes of action Plaintiff Bolyard may have against any of the TransPortal Parties alleged or which could have been alleged in this lawsuit or arising out of or based upon any facts, conduct or events occurring prior to the date the Settlement Agreement was signed by the parties are dismissed with prejudice, discharged and deemed satisfied, with each party to bear and pay for

5

its own attorney's fees and costs except as otherwise provided for in the Settlement Agreement and/or the Agreed Order.  These releases and dismissals  include, but are not limited to, all Claims under (A) the Fair Labor Standards Act of 1938, or any federal, state, or local law or regulation dealing with payment of wages, minimum wage, recordkeeping, or overtime, (B) the common and statutory law of the States of Alabama, Arizona, Florida, Georgia, Illinois, Indiana, Maryland, Michigan, Mississippi; Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Tennessee, Texas, Virginia, and West Virginia, (C) for breach of contract or agreement to pay wages, or under any other federal, state or local law, regulation, statute, order, or decision concerning wages, liquidated damages, additional wages, overtime, minimum wage, or breaks; (D) the Arizona Minimum Wage statute (Ariz. Rev. Stat. Ann. § 23-362 et seq.); (E) the Florida Minimum Wage statute (Fla. Stat. § 448.110); (F) the Georgia Minimum Wage Law (Ga. Code Ann. § 34-4-3); (G) the Illinois "Minimum Wage Law" (820 Ill. Comp. Stat. 105/1 et seq.) or the Illinois Wage Payment and Collection Act; (H) the Indiana "Minimum Wage Law of 1965" (Ind. Code Ann § 22-2-2-1 et seq.); (I) the Maryland Wages and Hours statute (Md. Code Ann., Lab. & Empl. § 3-401 et. seq.); (J) the Michigan "Workforce Opportunity Wage Act" (Mich. Stat. Ann. § 408.411 et seq.); (K) the Missouri Minimum Wage statute (Mo. Rev. Stat. § 290.500 et seq.); (L) the New Hampshire Minimum Wage Law (N.H. Rev. Stat. § 279:1 et seq.); (M) the New Jersey Minimum Wage Standards (N.J.S.A. 34:11-56a et seq.); (N) the New York Minimum Wage Orders (N.Y. Comp. Codes R. & Regs. tit. 12, § 142-1.1 et. seq); (O) the North Carolina Wage and Hour Act (N.C.G.S.A. § 95-25.1 et seq.); (P) the Ohio Minimum Wage statute (Ohio Rev. Code Ann. § 4111.01 et seq.); (Q) the "Oklahoma Minimum Wage Act" (Okla. Stat. Ann. tit. 40, § 197.1 et seq.); (R) the Oregon Minimum Wages and Employment Conditions statute (Or. Rev. Stat. 653.010 et seq.); (S) the Pennsylvania Minimum

Wage Act of 1968 (43 Pa. Stat. Ann. § 333.101 et seq.); (T) the Texas "Minimum Wage Act" (Tex. Lab. Code Ann. § 62.001 et seq.); (U) the Virginia Minimum Wage Act (Va. Code Ann. § 40.1-28.8); (V) the West Virginia Minimum Wage and Maximum Hours Standards (W. Va. Code, § 21-5C-1 et seq.); and (W) for costs and attorneys' fees, including, without limitation, any claim for attorneys' fees and/or costs which may arise or accrue by reason of the settlement of this lawsuit. However, this is not a dismissal with prejudice or release of any claim for breach of this Agreement or any rights or claims arising after this date.

15. Each Plaintiff will be deemed to have signed and entered into the Settlement Agreement and will have the rights and obligations provided for under the Settlement Agreement. Cashing or otherwise negotiating any check issued to a Plaintiff per the terms of the Settlement Agreement constitutes and shall be deemed additional evidence of acceptance of the settlement and agreement to the terms of the settlement and this Order. Plaintiffs retain their right to sue for a breach of the Settlement Agreement.

16. The Settlement Agreement submitted to the Court shall be treated as confidential.

17. This Order is part of a settlement and compromise agreement between the parties. This Order may not be used in any other proceeding or for any other purpose by anyone other than Plaintiffs or any Defendant.

18. This Order is binding on all parties to the case, including all opt-in Plaintiffs. This Order will become final thirty (30) days after its entry. The Court will retain jurisdiction over the lawsuit to enforce the settlement agreement.

**IT IS SO ORDERED**.

Date: April 6, 2015            */s/ Douglas Harpool*
                               **DOUGLAS HARPOOL**
                               **UNITED STATES DISTRICT JUDGE**